**Lottie POWERS, Frederick W. Long and Myra Tanner, Plaintiffs-Appellants,**

v.

**S. W. HIXSON, d/b/a Hixson Truck Line, Defendant-Appellee.**

**No. 98, Docket 24044.**

United States Court of Appeals
Second Circuit.

Argued Dec. 6, 1956.

Decided Dec. 27, 1956.

Harry Cooper and Jacob Schwolsky, Hartford, Conn. (Henry J. Goldberg, Hartford, Conn., on the brief), for plaintiffs-appellants.

George Muir, Hartford, Conn., for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

PER CURIAM.

In this case the plaintiffs have the difficult burden of showing that a defendant's verdict in their action for personal injury and property damage sustained as a result of a collision between their car and defendant's truck is erroneous in law. For this they have to assert that defendant's negligence, together with the absence of contributory negligence of plaintiff Long, the driver of their car, is so clear that Judge Smith should have directed a verdict in their favor. But we really find no basis for so drastic a ruling. They claim the benefit of the statute, Conn. Gen.Stat. § 2489 (1949), requiring a driver to yield the right of way at the intersection of public highways to a vehicle "approaching from his right, provided such vehicles are arriving at such intersection at approximately the same time." But the physical facts do not assist them. At the time in question Long was driving his car with himself and his coplaintiffs therein westerly on the four-lane Connecticut Boulevard when he came to a stop for the overhead signal light at South Prospect Street;

then on change of the light he turned left (going around and to the right of the center point of the intersection) to go into South Prospect Street, when the defendant's truck and trailer, proceeding east on the Boulevard, struck the Long car on its left side near the middle thereof. Notwithstanding the point of collision shown on the Long car it is apparent that defendant's driver had the signal light with him unless Long was definitely in his path before he got there. In short, the case turns on the timing of events briefly and quickly happening —a typical jury issue.

Judge Smith's charge was fair, appropriate, and complete. Long's pretrial deposition was appropriately used by defendant in cross-examination, and Long's counsel refused to ask for admission of the full deposition when Judge Smith made inquiry. Thus the trial was fair and the result one in the jury's competence and beyond our authority to disturb.

Affirmed.